UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Derrick Anton Rogers, | ) | Civil Action No.: 6:20-cv-00066-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Brian Dobbs, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner Derrick Anton Rogers's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, who recommends summarily dismissing Petitioner's 28 U.S.C. § 2241 petition without prejudice.[1] *See* ECF Nos. 8 & 12. The Court adopts the R & R as modified herein.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Court is mindful of its duty to liberally construe Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

In 2011, Petitioner pled guilty in the United States District Court for the Northern District of Georgia to possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and was sentenced to 180 months' imprisonment as an armed career criminal. *See United States v. Rogers*, No. 1:09-cr-00441-TWT-AJB (N.D. Ga. July 26, 2011), ECF No. 103. His 28 U.S.C. § 2255 motions were denied by the Georgia district court. *See id.*, ECF Nos. 141 & 159. He is currently incarcerated in this District (at FCI Williamsburg) and has filed a 28 U.S.C. § 2241 petition challenging his conviction and sentence based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *See* ECF No. 1.

The Magistrate Judge recommends summarily dismissing Petitioner's § 2241 petition because he cannot satisfy the requirements of 28 U.S.C. § 2255(e). *See* ECF No. 8 ("R & R"). Petitioner has filed objections to the R & R. *See* ECF No. 12.

Section 2255(e)—known as the "savings clause"—allows a prisoner to challenge his conviction and/or sentence in a traditional writ of habeas corpus via § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention. *Young v. Antonelli*, 982 F.3d 914, 917 (4th Cir. 2020). There are two tests for applying the savings clause:

**(1)** **Savings Clause Test for <u>Convictions</u> ("*Jones* Test")**: "[Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

**(2)** **Savings Clause Test for <u>Sentences</u> ("*Wheeler* Test")**: "[Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

"In evaluating substantive claims under the savings clause," a court must "look to the substantive law of the circuit where a defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019); *see, e.g.*, *id.* ("For this reason, we apply our procedural law, but Tenth Circuit substantive law governs the petition."). "[T]he savings clause requirements are jurisdictional," and a district court must dismiss a § 2241 petition for lack of subject matter jurisdiction if the petitioner does not satisfy the *Jones* or *Wheeler* tests. *Farkas v. Butner*, 972 F.3d 548, 551, 553 (4th Cir. 2020).

As for his § 922(g) conviction, Petitioner does not satisfy the second prong of the *Jones* test because the substantive law of the Eleventh Circuit (which includes the Northern District of Georgia) has not "changed such that the conduct of which [he] was convicted is deemed not to be criminal." *Jones*, 226 F.3d at 334; *see Capalbo v. Antonelli*, No. 1:19-cv-01946-TMC, 2020 WL 3496641, at *4 (D.S.C. June 29, 2020) ("Capalbo was convicted and sentenced in the Southern District of Florida which sits in the Eleventh Circuit; therefore, Eleventh Circuit substantive law applies. . . . Under

3

Eleventh Circuit precedent, Capalbo's conduct continues to be criminal under § 922(g) even after *Rehaif*."), *aff'd*, 832 F. App'x 229 (4th Cir. 2020) ("[W]e affirm for the reasons stated by the district court."). *Rehaif*, as viewed by the Eleventh Circuit, "requires not only that the defendant know that he possesses a firearm, but also know of his status prohibiting him from doing so, *i.e.* in [Petitioner]'s case, *know that he is a felon*." *United States v. Bates*, 960 F.3d 1278, 1295 (11th Cir. 2020) (emphasis added) (citing *Rehaif*, 139 S. Ct. at 2195–96).

The record in Petitioner's criminal case confirms he knew he was a convicted felon when he possessed the firearms at issue, as evidenced by the plea and sentencing transcripts.[2] *See Rogers*, ECF Nos. 122 & 123; *cf. United States v. English*, No. 19-11317, 2020 WL 7385459, at *1–2 (11th Cir. Dec. 16, 2020) (rejecting a *Rehaif* challenge to a guilty plea because the defendant's plea colloquy and presentence report indicated she knew her felon status when possessing the firearms); *United States v. Price*, 828 F. App'x 573, 578 (11th Cir. 2020) (finding "evidence in the record [from the plea colloquy and sentencing] indicates that Price had prior knowledge of his status as a felon"); *United States v. Hutchinson*, 815 F. App'x 422, 424–25 (11th Cir. 2020) (same). Petitioner also does not argue he was unaware he was a felon,[3] and his conduct remains criminal under Eleventh Circuit substantive law. *See,*

---

[2]    Petitioner pled guilty to an indictment alleging he "ha[d] been convicted of [four] felony offenses in the Superior Court of Fulton County, Georgia," and specifying those four offenses: robbery, aggravated battery, possession of a firearm *by a convicted felon*, and possession of cocaine and marijuana with intent to distribute. *Rogers*, ECF No. 2-1 at p. 1; *id.*, ECF No. 122 at p. 16. At the plea hearing, the Government summarized those four prior felony convictions—including the state conviction "for possession of a firearm *by a convicted felon*"—and Petitioner testified to his agreement with this summary. *Id.*, ECF No. 122 at pp. 14–15 (emphasis added). The district court also asked Petitioner, "Tell me in your own words what you understand you are charged with in the indictment," and Petitioner testified, "Possession of a firearm by a convicted felon." *Id.*, ECF No. 122 at p. 11. At sentencing, the court referred to the presentence report that listed Petitioner's prior felony convictions, and Petitioner's counsel noted Petitioner had received a five-year prison sentence in the past. *Id.*, ECF No. 123 at pp. 3–4, 10, 13.

[3]    Petitioner argues "actual innocence," *see* ECF No. 1 at p. 4, and the Magistrate Judge analyzes whether Petitioner satisfies the actual innocence test established in *Bousley v. United States*, 523 U.S. 614 (1998), and *Schlup v. Delo*, 513 U.S. 298 (1995). *See* R & R at pp. 7–8. However, "the Fourth Circuit does not require an actual

4

*e.g.*, *Capalbo*, 2020 WL 3496641, at *4 (rejecting a § 2241 petitioner's *Rehaif* challenge because evidence presented "during Capalbo's change of plea hearing establish[ed] he knew he was a felon at the time of the conduct in question" and because "Capalbo has not argued that he had no knowledge of his status as a felon." ); *Pullins v. Dobbs*, No. 0:19-cv-03492-JFA, 2020 WL 4581743, at *3 (D.S.C. Aug. 10, 2020) (same). Thus, Petitioner does not satisfy the *Jones* test. *See Capalbo* & *Jones*, *supra* (analyzing a *Rehaif* challenge under Eleventh Circuit substantive law and finding the § 2241 petitioners could not satisfy *Jones*).

To the extent Petitioner argues *Rehaif* invalidates his sentence, he does not satisfy the second prong of the *Wheeler* test because *Rehaif* has not been "deemed to apply retroactively on collateral review." *Wheeler*, 886 F.3d at 429; *see Williams v. Warden*, No. 4:20-cv-02715-RMG, 2020 WL 6054696, at *2 (D.S.C. Oct. 14, 2020) ("*Rehaif* itself has not been held to apply retroactively, as required by the *Wheeler* test."). Petitioner likewise does not satisfy the fourth prong of *Wheeler*. *See Braswell v. Smith*, 952 F.3d 441, 448 (4th Cir. 2020) ("[P]rong four of *Wheeler* demonstrates that the date of retroactivity is the trigger for savings clause relief. . . . It is the *retroactive* change, not just the change, in settled law that renders the sentence fundamentally defective.").

Petitioner does not pass the *Jones* or *Wheeler* tests and therefore does not satisfy the savings

---

innocence analysis under the savings clause." *Hahn*, 931 F.3d at 302; *see id.* at 304 (Wynn, J., concurring) ("[T]he actual innocence framework does not apply in determining whether a petitioner is entitled to pursue relief under the savings clause as a result of a statutory construction error."). The Court declines to adopt that portion of the R & R discussing actual innocence.

Moreover, even if Petitioner had argued unawareness of his felon status, such an argument would fail in light of the representations made at the plea hearing. *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.").

clause in 28 U.S.C. § 2255(e). The Court must dismiss his § 2241 petition for lack of jurisdiction.[4, 5]

## Conclusion

For the above reasons, the Court **LIFTS** the stay, **OVERRULES** Petitioner's objections, **ADOPTS AS MODIFIED** the R & R [ECF No. 8], and **DISMISSES** Petitioner's § 2241 petition *without prejudice* and without requiring Respondent to file an answer or return.

**IT IS SO ORDERED.**

---

[4] The Magistrate Judge also recommends dismissal under the *Colorado River* abstention doctrine. *See* R & R at pp. 3–4. However, "a district court can abstain only when it has subject matter jurisdiction." *Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013) (observing *Colorado River* "discuss[ed] whether abstention was appropriate only after noting that subject matter jurisdiction existed" (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))); *see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718 (1996) ("[T]he authority of a federal court to abstain from exercising its jurisdiction extends to all cases *in which the court has discretion to grant or deny relief*." (emphasis added)); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 667–68 (10th Cir. 2020) ("[W]hen cases present circumstances implicating [abstention] doctrines, no question is raised as to the court's subject matter jurisdiction."); *Bradley Indus. Park v. Comm'r of Educ.*, 915 F. Supp. 543, 547 (N.D.N.Y. 1996) ("In an abstention case, the court typically is not abstaining because it lacks subject matter jurisdiction. Rather, under such circumstances the court has jurisdiction but is *abstaining from exercising it* due to certain policy rationales[.]"); *cf. Ohio Civ. Rts. Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 626 (1986) (noting the abstention doctrine recognized in *Younger v. Harris*, 401 U.S. 37 (1971), "does not arise from *lack* of jurisdiction in the District Court, but from strong policies counseling against the *exercise* of such jurisdiction" (emphases added)). The Court cannot abstain because it lacks subject matter jurisdiction over Petitioner's § 2241 petition. Accordingly, the Court declines to adopt that portion of the R & R recommending dismissal based on *Colorado River*.

[5] The Court previously stayed this case pending issuance of the mandate in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *cert. granted*, 2021 WL 77245 (U.S. Jan. 8, 2021). *See* ECF No. 14. Since then, however, the Court has reviewed the record—particularly the fact that Petitioner was convicted in the Northern District of Georgia (which is in the Eleventh Circuit)—and notes Eleventh (not Fourth) Circuit substantive law applies. Thus, *Gary* is inapplicable, as is *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020), a case mentioned in Petitioner's objections. *See Capalbo*, 2020 WL 3496641, at *4 (finding *Gary* inapplicable because the § 2241 petitioner was convicted and sentenced in an Eleventh Circuit district court); *Pullins*, 2020 WL 4581743, at *3 (finding neither "*Lockhart* nor *Gary* are applicable in this case because this Court is required to apply the substantive law from the Eleventh Circuit"). The Court concludes a stay is improper given the lack of subject matter jurisdiction over Petitioner's § 2241 petition. *See Wheeler*, 886 F.3d at 423 (explaining "that if a petitioner cannot satisfy the savings clause requirements, his or her § 2241 petition must be dismissed for lack of jurisdiction" (internal quotation marks omitted)); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, the Court must lift the stay and dismiss the § 2241 petition.

As mentioned in the R & R, the Georgia district court issued an administrative order appointing the Federal Public Defender to review the file of each defendant potentially eligible for retroactive relief under *Rehaif*. *See Rogers*, ECF No. 172. In his objections, Petitioner seeks a stay pending investigation by the Federal Public Defender. *See* ECF No. 12 at p. 3. However, as indicated above, the Court lacks subject matter jurisdiction over Petitioner's § 2241 petition and therefore cannot stay this matter. **The Court emphasizes the instant Order dismissing Petitioner's § 2241 petition has no effect on the review ordered by the Georgia district court.**

Florence, South Carolina  s/ R. Bryan Harwell
January 27, 2021  R. Bryan Harwell
Chief United States District Judge